## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SAMUEL A. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0897** (BOR Appeal No. 2051190)
                      (Claim No. 2000045824)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer/Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Samuel A. Robinson, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is whether bilateral sacroiliac joint injections should be authorized. The claims administrator denied the request for bilateral sacroiliac joint injections on February 11, 2015. The Office of Judges affirmed the claims administrator's decision on March 3, 2016. The Board of Review affirmed the Order of the Office of Judges on August 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson, a brakeman for Eastern Associated Coal, LLC, hurt his lower back while lifting an object at work on March 5, 2000. Mr. Robinson was treated by Dr. Weisman who diagnosed a lumbar sprain, overextension, and strenuous repetitive movements. He was advised to be off work for a week and to follow up with another physician. The report stated that his injury aggravated a pre-existing back injury. On April 11, 2000, the claims administrator held the claim compensable for a lumbar sprain. On August 28, 2000, the claim was held compensable for reaction to spinal or lumbar puncture, a lumbosacral sprain, and a lumbar sprain.

George Orphanos, M.D., performed an independent medical evaluation August 15, 2001. In Dr. Orphanos's opinion, Mr. Robinson sustained a musculoligamentous type injury involving the lumbar spine as a result of the work-related injury superimposed on pre-existing spondylolysis at L5 level with no evidence of spondylolisthesis. Dr. Orphanos noted that Mr. Robinson had preexisting spondylolysis at the L5 level and also noted degenerative bulging discs at L4-5 and L5-S1. Mr. Robinson was found to be at maximum medical improvement and was found to have 12% whole person impairment.

On January 25, 2006, the claims administrator held that the approved diagnoses were depressive disorder, major depressive disorder, lumbosacral sprain, lumbar sprain, reaction to spinal/lumbar puncture, unspecified neuralgia neuritis/radiculitis, other/unspecified disc disorder of lumbar region, and lumbosacral neuritis or radiculitis. The thoracic spine was not a compensable diagnosis in the claim.

A July 29, 2009, report authored by Rajesh Patel, M.D., stated that Mr. Robinson would benefit from decompression at L4-5 but not a fusion. John Schmidt, M.D., examined Mr. Robinson on December 7, 2009, and suggested a modification to his spinal cord stimulator for the pain. He suggested a removal of the spinal cord stimulator followed by replacement with a paddle type electrode and generator. Dr. Schmidt noted there was an approximately 80% chance of meaningful improvement in Mr. Robinson's pain with a dorsal column paddle type spinal cord stimulator electrode and generator. Dr. Schmidt then requested authorization for a dorsal laminectomy for placement of a spinal cord stimulator.

A February 28, 2011, letter from Wassim Saikali, M.D., stated that the nerve test showed mild left L5/S1 radiculopathy and mild right L5/S1 radiculopathy. There was no evidence of severe polyneuropathy and medications were suggested. Timothy Deer, M.D., completed a report on November 26, 2012, stating that a new CT scan was needed of the lumbar spine as Mr. Robinson was having progressive left leg weakness with increased lower back pain. Dr. Deer opined that this was attributable to the compensable work injury. He requested a new CT scan of the lumbar spine and referral to Neurological Associates for a second opinion.

Milton Klein, M.D., issued a report on February 12, 2013, stating that an independent medical evaluation showed that Mr. Robinson was at maximum medical improvement. The evaluation did not recommend additional treatment to include physical therapy, injections, or medications. The report also stated that the most recent September 19, 2012, physical examination of Mr. Robinson did not medically support the requested lumbar spine CT scan as there was no documented change in neurological status. The requested sacroiliac joint injections

was also not medically supported because the diagnostic tests, including Gaenslen's and Patrick's tests, were negative.

On February 12, 2013, Mr. Robinson's request for a CT and two sacroiliac joint injections was denied. The denial was based upon a physician review Dr. Klein's physician review. On August 9, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala noted that Mr. Robinson complained mostly of pain in the legs and feet. He suggested that the low back pain was very well controlled with the spinal cord stimulator. He found Mr. Robinson to be at maximum medical improvement and opined that all he requires is a home exercise program. The claims administrator denied sacroiliac joint injections on September 6, 2013. A nerve conduction study report completed on October 28, 2013, stated that it was an abnormal study. There was electrophysiological evidence for an active S1 radiculopathy on the left. There was no electrophysiological evidence for peripheral polyneuropathy.

In separate litigation in this claim from this appeal, the Office of Judges issued a decision on October 9, 2014, affirming, among other things, the claims administrator's denial of payment for sacroiliac joint injections.[1]

On November 14, 2014, Mr. Robinson testified that after the accident he had severe pain in his lower back down both legs as well as burning pain in both of his feet. He stated that he had none of these problems prior to this injury. He testified that he has a spinal cord stimulator which helps with the back pain, but does not help with the leg and feet pain. Mr. Robinson testified that he was prescribed Lyrica for the burning in his feet, and he was unable to function without it. Mr. Robinson testified regarding his medical providers and indicated that he was checked for neuropathy which was negative. He stated that Dr. Deer would like for him to have surgery to install a larger implant or paddle stimulator.

On January 2, 2015, Mr. Robinson was seen by Dr. Deer. Sacroiliac joint inflammation was suspected due to antalgic gait and authorization was requested for bilateral sacroiliac joint injections. The claims administrator denied the request on February 11, 2015. On May 17, 2015, Dr. Deer completed a statement that bilateral sacroiliac joint injections should be authorized because they are medically reasonable and necessary to treat Mr. Robinson's gait disturbances.

On September 22, 2015, Mr. Robinson testified in a deposition that he had one prior back injury around 1998 while working for the same employer. He also testified regarding the low back injury at issue stating that he had physical therapy, medications, and shots given by Dr. Shamblin. Mr. Robinson said that Dr. Deer is currently his primary physician who treats him for the leg and back pain he experiences. He stated that he has a pain stimulator in each hip, both of which have required revisions because his pain level is so high. He also had a trial of a morphine pump. Mr. Robinson asserted that his pain level has gone up since the stimulator was last revised in 2013. He had injections in his lower back which helped the pain in his feet quite a bit. He

---

[1] Ms. Robinson appealed this decision to the Board of Review, but then withdrew it on December 8, 2014, thereby making the Office of Judges' decision final.

testified that all of the treatment requested by Dr. Deer has been denied, and he feels the lack of treatment has caused his pain level to increase.

The Office of Judges determined that the request for sacroiliac joint injections was not medically related and reasonably required medical treatment in its March 3, 2016, Order. The Office of Judges noted that Dr. Deer requested the injections because sacroiliac joint inflammation was suspected. In the report, he diagnosed Mr. Robinson with sacroilitis and lumbar radiculopathy. The Office of Judges noted that sacroilitis was not an accepted diagnosis in the claim. The Office of Judges also found that Mr. Robinson was at maximum medical improvement. Further, the Office of Judges found that it had previously denied the request for sacroiliac joint injections in an October 9, 2014, Order. Mr. Robinson subsequently withdrew his appeal of this Order. The Office of Judges also noted that the injections were far beyond the guidelines set forth in West Virginia Code of State Rules § 85-20 (2006). Last, the Office of Judges found that Mr. Robinson had extensive pre-existing degeneration of the spine. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on August 24, 2016.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence shows that sacroiliac joint injections were not medically related to the compensable conditions or reasonably required pursuant to West Virginia Code of State Rules § 85-20 guidelines. Mr. Robinson litigated the denial of this treatment before the Office of Judges in an earlier protest that is now final. Therefore, the evidence supports the conclusion that the injections were not approved because sacroilitis is not a compensable condition in the claim and Mr. Robinson had previously reached maximum medical improvement for the compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4

**Dissenting:**
Justice Margaret L. Workman